IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARIE ST. LOUIS**, *Plaintiff* <br><br> v. <br><br> **NEW HUDSON FACADES, LLC**, *Defendant* | **CIVIL ACTION** <br><br> **NO. 23-cv-4516** |

**Baylson, J.**                                                                                              **March 28, 2024**

**MEMORANDUM RE: MOTION TO DISMISS**

I.   **FACTUAL ALLEGATIONS**

Plaintiff Marie St. Louis worked for Defendant New Hudson Facades, LLC from July 15, 2019, until her termination on January 20, 2023. Compl. ¶ 11. Plaintiff worked as an assembly line worker. Id. ¶ 12.

Plaintiff was in her late 30s to early 40s during her employment. Id. ¶ 6. She is a Black female of Haitian descent, currently residing in Pennsylvania. Id. She speaks with a discernible accent and her English is limited. Id. ¶ 17. While employed by Defendant, Plaintiff was subject to repeated discriminatory comments based on her race and Haitian ancestry. Id. ¶¶ 15–16; 18–22. Plaintiff reported the purported discrimination to management, who took no remedial action. Id. ¶ 23.

Then, on January 17, 2023, a close friend of the main harasser struck Plaintiff while moving a large unit of glass, causing her injuries that impaired her ability to walk, sit, stand, and sleep. Id. ¶¶ 25–26. When Plaintiff told Defendant about the injury, the firm questioned her about her pain levels, and then terminated her three days later. Id. ¶¶ 28–29. At termination, Defendant offered Plaintiff severance in exchange for waiving all legal claims against Defendant. Id. ¶ 33.

1

II. **PROCEDURAL HISTORY**

On November 15, 2023, Plaintiff sued Defendant under Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. § 2000e et seq., Section 1981, U.S.C. § 1981, and the American with Disabilities Act, 42 U.S.C. § 12101 et seq. Her claims are two-fold. Under Title VII and § 1981, Plaintiff alleges that Defendant unlawfully discriminated against her based on her race and/or national origin. Id. ¶¶ 34–41. Plaintiff also contends Defendant violated the ADA in how it treated her injury. Id. ¶¶ 42–45.

Defendant moved to dismiss Plaintiff's claims on March 3, 2024. Def. Mot. Dismiss, ECF 9. The firm raises only one argument—that Plaintiff signed a waiver of legal claims when terminated, which bars this action. Id. at 1. Plaintiff responded that considering the release at the motion to dismiss stage is inappropriate. Pl. Resp. at 4–5, ECF 10. Alternatively, if this Court chooses to address the merits of Defendant's argument, Plaintiff argues that she did not knowingly and voluntarily relinquish her rights, nullifying the release. Id. at 8–14. Defendant replied that the facts show Plaintiff did knowingly and voluntarily sign the waiver. Def. Reply, ECF 11.

III. **LEGAL STANDARD**

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the same time, the Third Circuit favors substance over form—"a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal citations and quotations omitted).

IV. **DISCUSSION**

It is hornbook that a court "may not consider matters extraneous to the pleadings" when deciding a motion to dismiss. U.S. Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). Limited exceptions to this rule include when a document is "integral to or explicitly relied upon in the complaint," In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or when the documents are attached to the complaint and matters of public record. Hartig Drug Co. Inc. v. Senju Pharm. Co., 836 F.3d 261, 268 (3d Cir. 2016). But again, there are only four types of evidence reviewable at the motion to dismiss stage—"[1] the complaint, [2] exhibits attached to the complaint, [3] matters of public record, as well as [4] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

General releases that may provide defense to a lawsuit are usually not "integral" documents appropriate for review at the motion to dismiss stage. In Hartig Drug Co., the Third Circuit held that a release potentially barring the suit did not form the basis of plaintiff's actual claims, and therefore, was outside consideration at the pleadings stage. 836 F.3d at 273–74. Applying Hartig, district courts routinely find that employment discrimination claims "are premised on [plaintiff's] treatment in the work place and eventual termination, not a document that purportedly set for the parties' rights after that termination." Rizzotto v. Quad Learning, Inc., 2019 WL 2766588, at *2

3

(E.D. Pa. June 28, 2019) (Beetlestone, J.) As such, review of releases, when the discrimination claims are unrelated to that release, is proper for summary judgment, not motions to dismiss. See, e.g., Jackson v. Temple Univ., 2021 WL 4399645, at *6 (E.D. Pa. Sept. 27, 2021) (Marston, J.) (refusing to analyze release in employment discrimination claim at motion to dismiss stage because waiver was not part of plaintiff's claim); Wyatt v. JS Procurement Corp., 2006 WL 8457734, at *1 (D.N.J. Jan. 24, 2006) ("The Court cannot consider the Release in adjudicating the instant motion [to dismiss] because plaintiff does not rely on it in his Amended Complaint."); Warren v. Mastery Charter Sch., 312 F. Supp. 3d 456, 459 (E.D. Pa. 2018) (Robreno, J.) ("As [plaintiff] correctly points out, [defendant's] motion should be construed as a motion for summary judgment, because it is based on the Agreement and Release—a matter outside the pleadings."); Lear v. Derry Twp. Sch. Dist., 2020 WL 7342750, at *3 (M.D. Pa. Dec. 14, 2020) ("As an initial matter, the Court disagrees with Defendants' assertion that the [release] provided may be properly considered in connection with a motion to dismiss.").

And in a closely analogous scenario, this Court has held the same. In New Legion Co., Inc. v. Thandi, Defendant moved to dismiss Plaintiff's federal and state causes of action based on a general release signed by both parties. 2018 WL 2121523, at *6 (E.D. Pa. May 8, 2018) (Baylson, J.). Because the release was not part of the "complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" that the complaint relied upon, this Court refused to evaluate the release. Id. (quoting Hartig, 836 F.3d at 268).

Plaintiff alleges that Defendant discriminated against her based on her race, national origin, and disability; the release is not the basis of her claim. C.f. Tubbs v. Merck & Co., 2014 WL 2765137, at *3 (E.D. Pa. June 18, 2014) (Pratter, J.) (considering release at 12(b)(6) stage because discrimination claims stemmed from defendant violating the language of the release agreement).

Here, Plaintiff contends that Defendant's employees disparaged her because of her race and accent, and then did not accommodate her disability.[1] These events have nothing to do with the release.

This Court will further decline to convert the instant motion into one for summary judgment. Kulwicki v. Dawson, 969 F.2d 1454, 1463 n.11 (3d Cir. 1992) (explaining district court has the discretion to transform a motion to dismiss into one for summary judgment). As the parties' briefing on whether the release was knowing and/or voluntary makes clear, discovery is necessary to develop the facts for a proper analysis. See Coventry v. U.S. Steel Corp., 856 F.2d 514, 522–23 (3d Cir. 1988) (holding that courts must conduct a seven-factor analysis when construing whether an employee knowingly and/or voluntarily waived Title VII claims against their employer). In general, and certainly here, summary judgment is premature "before the parties have had a reasonable opportunity" to "produce evidence relevant to the disposition" of the case. Lear, 2020 WL 7342750 (citing Doe v. Mercy Health Corp. of Se. Pennsylvania, 150 F.R.D. 83, 85 (E.D. Pa. 1993)). Without an opportunity to conduct discovery, this Court is unable to properly evaluate the totality of the circumstances as Coventry requires.[2]

---

[1] Plaintiff alleged that Defendant presenting her a release upon termination is an indicium that the firm knew it had violated Plaintiff's rights and wished to reduce its legal exposure. Compl. ¶ 33. However, the Complaint does not allege that Plaintiff actually signed the agreement, only that it was offered. Id. Moreover, the single paragraph referring to the release is, at most, incidentally related to her claims. The crux of her allegations are that employees and management discriminated against her during her employment and fired her when she complained. Simply put, her claims do not rely upon the release.

[2] Even if this Court decided to convert the instant motion to one for summary judgment, judgment for Defendant is far from certain. In her response to Defendant's motion, Plaintiff attached two affidavits that affirm English is her second language, she has had no formal education in English, she only possesses a limited command of the language, and she often uses technology or other people for translation. Pl. Aff. ¶¶ 6–8, Pl. Ex. A; Cornella James Aff. ¶¶ 9–13, Pl. Ex. B. Indeed, Plaintiff swore in affidavit that she could not understand the release presented to her. Pl. Aff ¶ 14. Her lack of relevant "education and business experience" is a critically important factor. Coventry, 856 F.2d at 523. But her statement goes even further, claiming that Defendant's agent misrepresented the contents and significance of the release even when Plaintiff asked for an explanation, and commanded Plaintiff sign the document before leaving the office. Pl. Aff ¶ 15–22. These facts bear on the "the amount of time plaintiff had for deliberation about the release before signing it; [ ] whether plaintiff knew or should have known his or her rights upon execution of the release; [ ] whether plaintiff was encouraged to seek, or in fact received the benefit of counsel; [and] whether there was an opportunity for negotiation of the terms." Warren, 312 F. Supp. 3d at

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED**.

---

460 (citing Coventry, 856 F.2d at 522–23). These matters are quintessential "fact-specific questions for which the Court has no answers, and which render summary judgment" for defendant highly unlikely at this time. Jackson, 2021 WL 4399645, at *6.